

**SO ORDERED.**

**SIGNED this 05 day of February, 2013.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MILTON N. WARD, III

    DEBTOR

MILTON N. WARD, III

    Plaintiff                                 MISCELLANEOUS PROCEEDING NO.

    v.

                                                  12-00001-8-SWH-AP

UNITED STATES DEPARTMENT
of EDUCATION

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR TRIAL BY JURY**

The matter before the court is the Motion for Trial by Jury filed by Milton N. Ward, III, plaintiff herein. A hearing was held on January 22, 2013. For reasons set forth herein, the motion will be denied.

The plaintiff filed a voluntary petition under Chapter 7 on September 13, 2011 in the United States Bankruptcy Court for the Eastern District of Virginia (In re Milton N. Ward, III, Case No. 16679-BFK). On December 8, 2011, plaintiff initiated an adversary proceeding against the United States Department of Education (USDE) seeking a determination that his student loan is dischargeable under 11 U.S.C. § 523(a)(8) because it imposes an "undue hardship" (AP No. 11-01653-BFK). The AP complaint did not include a request for jury trial. The USDE filed an answer on March 19, 2012, asserting that plaintiff's situation did not constitute grounds for a determination of undue hardship. Plaintiff's Chapter 7 case was administered as a no asset case, and he received a discharge on January 31, 2012. The plaintiff filed an amended adversary proceeding complaint on April 3, 2012. The amended complaint, again, did not include a request for a jury trial. The adversary proceeding was transferred to this court by order of the Virginia bankruptcy court on September 6, 2012.

Plaintiff filed a Motion for Trial by Jury on December 5, 2012, in which he asserts that he is entitled to a jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure made applicable to the adversary proceedings by Bankruptcy Rule 9015. Despite his failure to make a proper or timely jury demand, plaintiff seeks a jury trial since one "might have been demanded" because (1) the value in controversy exceeds $20, (2) legal rights are to be ascertained and determined as opposed to equitable rights alone, and (3) it involves a matter of private right. Additionally, plaintiff cites to 28 U.S.C. § 157(e), which permits the bankruptcy court to conduct jury trials "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

The USDE filed a motion for summary judgment on December 10, 2012, and a response in opposition to plaintiff's motion for a jury trial on December 21, 2012. The USDE first asserts that if its motion for summary judgment is granted, plaintiff's motion for a jury trial will be moot. The USDE then argues that the plaintiff is not entitled to a jury trial because dischargeability of student loan debt is equitable in nature, and a right to a jury trial is only guaranteed by the Seventh Amendment for actions that are legal in nature. Finally, even if there were a right to a jury trial, because the USDE does not consent under 28 U.S.C. § 157, the bankruptcy court cannot conduct it.[1]

The Seventh Amendment guarantees that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend VII. "Suits at common law" refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Parsons v. Bedford, 3 Pet. 433, 447, 7 L.Ed. 732 (1830). The right to a jury trial is only guaranteed for actions that are legal in nature - not for actions that are equitable in nature. Ward v. Ward (In re Ward), 184 B.R. 253, 256 (Bankr. D.S.C. 1995) (citing In re Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 39-40 (1989)).

A proceeding that addresses only the issue of dischargeability and not issues of liability or the amount of debts is equitable in nature. Varney v. Varney (In re Varney), No. 94-2045, 1996 WL 138684 at *2 (4th Cir. Mar. 28, 1996); In re Ward, 184 B.R. at 256. "A dischargeability claim is

---

[1] If the right to a jury trial were found to exist, that trial would have to be held in the district court. The bankruptcy court may only "conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (emphasis added). The defendant has not consented to the conduct of a jury trial by the bankruptcy court.

'integral to the restructuring of the debtor-creditor relations,' and thus uniquely within the equity jurisdiction of the bankruptcy court." In re Ward, 184 B.R. at 256 (citing In re Fineberg, 170 B.R. 276 (E.D.Pa. 1994)).  There is no right to a jury trial to determine the issue of dischargeability, since dischargeability is equitable in nature.  See In re Varney, 1996 WL 138684 at *2; In re Ward, 184 B.R. at 256.  Since the plaintiff is only seeking a determination that his student loan debt is dischargeable, his action is equitable in nature and he has no right to a jury trial.

The plaintiff concedes that he did not file a timely request for jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Bankruptcy Rule 9015 and that he must rely upon the court's discretion to allow a jury trial pursuant to Rule 39(b).  However, the court may only exercise that discretion if the plaintiff had a right to jury trial in the first place.  As is discussed above, such right does not exist and therefore the court cannot and will not exercise its discretion to allow a jury trial.

The plaintiff's Motion for Trial by Jury is denied.

**SO ORDERED.**

**END OF DOCUMENT**