IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-695-D

| | | |
|---|---|---|
| MILTON N. WARD, III, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Appellee. | ) | |

In this appeal from the United States Bankruptcy Court for the Eastern District of North Carolina, Milton N. Ward ("Ward") is unhappy with two decisions concerning his bankruptcy case. First, he is unhappy that the United States Bankruptcy Court for the Eastern District of Virginia granted the United States Department of Education's Rule 12(b)(6) motion to dismiss Ward's Fifth Amendment void-for-vagueness challenge to the student loan discharge provisions of 11 U.S.C. § 523. Second, he is unhappy that, after the case was transferred to this district, the United States Bankruptcy Court for the Eastern District of North Carolina granted summary judgment to the United States Department of Education and rejected Ward's claim that repaying his student loans imposed an undue hardship under 11 U.S.C. § 523(a)(8).

The bankruptcy court possessed the constitutional authority to enter a final judgment, and this court has jurisdiction over this appeal. See, e.g., Exec. Benefits Ins. Agency v. Arkison, No. 12-1200, 2014 WL 2560461, at *6–8 (U.S. June 9, 2014); Stern v. Marshall, 131 S. Ct. 2594, 2608–19 (2011); 28 U.S.C. § 158(a). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th

Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007). The court reviews de novo an order granting a motion to dismiss under Rule 12(b)(6). See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Likewise, the court reviews de novo an order granting a motion for summary judgment under Rule 56. See, e.g., Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 326–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Ward is 50 years old, has no dependants, and possesses a bachelors degree and a masters degree. See R.A. 2-2, p. 4; R.A. 4-2, p. 3; R.A. 2-15, p. 10. Ward has passed all portions of the exam to become a certified public accountant, is healthy, and has a steady work history. See R.A. 2-15, pp. 10–11. Ward also has over $70,000 in student loan debt arising from his two degrees and contends that repaying that debt would impose an undue hardship. The bankruptcy court rejected Ward's request to discharge his student debt under 11 U.S.C. § 523(a)(8). See id. pp. 6–14. Ward appealed. See [D.E. 1].

First, Ward cites the Fifth Amendment Due Process Clause and makes a void-for-vagueness challenge to the student loan discharge provision in 11 U.S.C. § 523. The bankruptcy court properly applied governing Supreme Court precedent and rejected the challenge. See, e.g., Holder v. Humanitarian Law Project, 561 U.S. 1, 18–19 (2010); Hill v. Colorado, 530 U.S. 703, 732 (2000); Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494–95 (1982); Rose v. Locke, 423 U.S. 48, 49–50 (1975); United States v. Sun, 278 F.3d 302, 309 (4th Cir. 2002). This court agrees with that conclusion. In doing so, the court notes not only the Supreme Court's

standard governing a void-for-vagueness Fifth Amendment challenge to such a statute, but also that the Fourth Circuit repeatedly has been able to understand and apply the statute. See, e.g., In re Spence, 541 F.3d 538, 543–45 (4th Cir. 2008); In re Mosko, 515 F.3d 319, 323–27 (4th Cir. 2008); In re Frushour, 433 F.3d 393, 399 (4th Cir. 2005); In re Ekenasi, 325 F.3d 541, 546 (4th Cir. 2003).

Next, Ward attacks the bankruptcy court's decision to grant summary judgment and reject Ward's claim that repaying his student loans would constitute an undue hardship under 11 U.S.C. § 523(a)(8). Again, however, this court agrees with the bankruptcy court's analysis and conclusion. See, e.g., In re Spence, 541 F.3d at 543–45; In re Mosko, 515 F.3d at 323–27; In re Frushour, 433 F.3d at 396; In re Ekenasi, 325 F.3d at 546.

Finally, Ward raises a potpourri of other issues in his appellate brief. See [D.E. 10] 9–10. The issues lack merit and do not warrant separate discussion.

In sum, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This 17 day of June 2014.

JAMES C. DEVER III
Chief United States District Judge